Opinion issued April 16, 2009
 

















In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-09-00131-CR 
____________

JOHN WESLEY PEAVY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 180th District Court 
Harris County, Texas
Trial Court Cause No. 1148067 



 
MEMORANDUM OPINION
          We lack jurisdiction to hear this appeal. Appellant, John Wesley Peavy,
pleaded guilty to the offense of possession of a controlled substance, and pleaded true
to two enhancement paragraphs contained in the indictment. In accordance with his
plea bargain agreement with the State, the trial court sentenced appellant to
confinement for 10 years. Along with the plea, appellant, appellant’s counsel, and
the State signed a stipulation of evidence which included, among others, the
following statements: “I intend to enter a plea of guilty and understand that the
prosecutor will recommend that my punishment should be set at 10 years TDC; I
agree to that recommendation...Further, I waive my right of appeal which I may have
should the court accept the foregoing plea bargain agreement between myself and the
prosecutor.” In addition, appellant signed the a document styled “advice of
defendant’s right to appeal” that included the following admonition “The Court,
pursuant to Tex. R. App. P. 25.2, advises the Defendant as follows: (2) If you pled
guilty of no contest and accepted the punishment recommended by the prosecutor,
however, you cannot appeal your conviction unless this Court gives you permission. 
If you waived or gave up your right to appeal, you cannot appeal your conviction.” 
The advice of defendant’s right to appeal form was sworn to by appellant and is also
signed by the trial court judge. The trial court’s judgment is stamped, “Appeal
waived. No permission to appeal granted.” 

           After the trial court sentenced appellant to punishment that fell within the
terms of the plea bargain agreement, the trial court certified that this case is a plea-
bargain case and the defendant has no right to appeal. Appellant did not request the
trial court’s permission to appeal any pre-trial matters, and the trial court did not give 
permission for appellant to appeal. Appellant filed a timely pro se notice of appeal. 
This appeal followed.

          We conclude that the certification of the right of appeal filed by the trial court
is supported by the record and that appellant has no right of appeal due to the agreed
plea bargain. Tex. R. App. P. 25.2(a). Because appellant has no right of appeal, we 
must dismiss this appeal “without further action.” Chavez v. State, 183 S.W.3d 675,
680 (Tex. Crim. App. 2006).Accordingly, the appeal is dismissed for lack of jurisdiction.
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justice Taft, Bland and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).